Minshall, J.
The action below was a suit in replevin brought in the common pleas of Lucas jeounty, by Root & McBride Bros, against Davis Bros, for the possession of certain specific personal property, described as twenty-three cases of merchandise and some other articles recently owned by A. J. Stewart & Co. of Clawford county. It appears from the answer and cross-petition of the defendants and the testimony, that on August 23, 1888, Stewart & Co., being then the owners of the property and residing and doing business at a town in Crawford county, this state, was indebted to Davis Bros, in the sum of $195.50, and, to secure this indebtedness, executed a chattel mortgage on *34 the property, on which Davis Bros., made the proper affidavit, and duly filed it for record in the proper office; and on the same day, in pursuance of the provisions of the mortgage, took possession of the property. On August 28, Davis Bros, boxed up the goods, and on the 29th shipped the same to their place of business, in Toledo, Lucas county. Previous to this, on August 27, Luce & Co., commenced an action before a justice of the peace of Lucas county, against Stewart & Co., to recover a claim of theirs, and caused an attachment to issue, on the ground of the non-residence of the defendants, and caused notice of garnishment to be served upon Davis Bros., mortgagees. On August 28, Shaw & Co. commenced two similar actions against Stewart-& Co., before the same justice of the peace and like proceedings were had as in the case of Luce & Co.
On October 11, 1888, notice by publication having been given as required by law, the justice rendered judgments, in the several cases, and ordered the garnishees, Davis Bros., to deliver the property of the defendants held by them into court, and also to pay the money due from them to the defendants into court.
Before this, on August 29, after the goods had been delivered by Davis Bros, to the railroad agent at the depot in Crawford county, to be shipped to Toledo, but whilst still at the depot, Stewart & Co. made and delivered to Root & McBride Bros., a bill of sale of the property to secure a debt due them of some $800.00. On the next day they notified Davis Bros., of their bill of sale, offered to .pay the amount of their claim and demanded the property. This was refused by Davis Bros, because of the proceedings in garnishment against *35 them. Luce & Co. and Shaw & Co. were made defendants and filed answers and cross-petitions. The court found for the defendants upon tho pleadings and evidence and rendered judgment in their favor for the value of the property taken under the writ; and, the claim of the defendants, Davis Bros., having been paid by the plaintiffs during the pendency of the action, ordered the amounts due Luce & Co. and Shaw & Co. to be paid them according to priority. The judgment was affirmed on error by the circuit court.
The principal question in the case is, whether the service of garnishment on Davis Bros, in Lucas county gave to Luce & Co. as well as to Shaw & Co., a lien upon the property covered by the mortgage to Davis Bros, or on any indebtedness of the latter to the mortgagor, Stewart & Co. — the property being at the time of the service in Crawford county, the residence of the latter. We think it did. At the time of the service of process on the garnishees, they had, as mortgagees, taken possession of the property under the provisions of the mortgage, so that, irrespective of its physical location, they were the owners of it, subject only to a liability to account to the mortgagor for the surplus of its value after satisfying their claim. In other words their relation had changed from that of creditor to that of debtor of the mortgagor for whatever this surplus might be. Robinson v. Fitch, 26 Ohio St. 659, 662; Carty v. Fenstemaker, 14 Ohio St. 457, 461; Lindemann v. Ingham, 36 Id. 1, 9; Morgan v. Spangler, 20 Id. 38; Wright’s R. 371; 2 Story Eq. § 1031. And this credit of the mortgagors was liable to be attached; and was attached by the service of the process of attachment upon the debtors, Davis Bros., and made them liable to *36 the attaching creditors for whatever might be found due from them on the value of the property-after satisfying the amount of their own claim.
It is claimed, however, that without a physical seizure of the property in Lucas county, the magistrate had no jurisdiction to order the payment of the amount due from the garnishees into court, as no personal service was obtained upon the defendants in the action. A number of cases are cited in support of this proposition. But they are all cases where the defendant was a non-resident of the state in which the action was commenced. It may be conceded, that the credits of a non-resident debtor, without personal service upon him, cannot be attached in this state, by simply serving the process of garnishment upon his debtor residing within the jurisdiction of the court, issuing the process. That would be, as claimed, to give to the laws of a state an extra territorial effect. In Railroad Company v. May, 25 Ohio St. 347, it was held that the indebtedness of the company to a person residing in this state could be attached in.the courts of a sister state,, without personal service; but this, in the opinion of the author of a recent work, seems opposed to the decision of the Supreme Court of the United States. Reno on Non-Residence, section 140. A number of the state courts take the same view. Id., section 216. But as between citizens of the state subject to its laws, the case is wholly different. While the situs of a credit is generally regarded as that of the creditor, it would be quite as reasonable to treat it as that of the debtor; for the debtor is the. person from whom the money is derived that makes the credit available as a thing of value. So that there is nothing in the nature of things, forbidding the place of the debtor *37 being regarded as the situs of a credit; and hence it is competent to the legislature to enact, as has been done in this state, that the property and effects of every kind of a resident of one county may be attached by. his creditor in another, on the ground of his non-residence therein, by serving the process of garnishment upon a person having possession of his property, or being indebted to him, in the county, and giving notice by publication of the proceeding; and such, was the proceeding in this case. Conceding- then that the transfer of the mortgagor’s interest in the goods by bill of sale to Root & McBride to secure a debt due to them, was good as against creditors, which may be doubtful under Section 4151, Revised Statutes, as it was not recorded as therein required, still it was subsequent in time to the liens created by the proceedings in attachment, and hence did not entitle them to recover the property in replevin against Davis Bros., who were bound by those proceedings to account to Luce & Co. and Shaw & Co. for its value over and above their own claim. The claim of the plaintiff being postponed to what might remain after payment of these claims and that of the defendant.
But it is further claimed that the attachments were void on the ground of irregularities in the proceedings had before the justice. In so far as this claim is based on the ground that there was no physical seizure of the property by the constable, it has been answered by what has been already said. The thing attached in this ease was not tangible but intangible property, a chose in action, which, under our law, may be attached by process ■of garnishment served on the debtor, where the defendant is a non-resident of the county in which *38 the suit is commenced, service being made on him by publication.
The other objections are, at most, based upon such irregularities as can only be taken advantage of by a proceeding in error, and are not available in a collateral proceeding, as the justice had jurisdiction of the subject of the action, and power to issue a writ of attachment upon the affidavit that was filed therefor. ‘ ‘The rules, ’ ’ says Longworth, J., in Railway Company v. Cronin, 38 Ohio St. 122, “which govern pleading in courts of record at common law and under the code of civil procedure have never been strictly applied in. proceedings before justices of the peace. From the earliest days a very liberal practice has obtained in this state in reviewing proceedings had before these officers when the question of their jurisdiction is not involved.” Among the errors appearing, as claimed, upon the transcript of the justice, offered in evidence of the proceedings had before him, is its omission to show that he found from the answer of the garnishees, that they had property in their possession belonging to the defendants, or that they were indebted to them. The transcript does, however, show that on the day fixed for a hearing by the publication of notice, the justice, after rendering judgment for the plaintiffs, made an order on the garnishees “to deliver the property of the defendants in their possession to the court, and to pay the money due from them to the defendants into court.” This, we think, was sufficient. If a finding of the kind were necessary, the presumption from the order is that it was made; and an omission to enter such finding upon the docket, cannot be taken advantage of in a collateral proceeding. The garnishees were served; and, “the order *39 of attachment hinds the property attached from the time of service, and the garnishee stands liable to the plaintiff for all property, moneys and credits, in his hands, or due from him to the defendant, from the time he is served with the notice. ” White, J., in Carty v. Fenstemaker, supra. See also, National Bank v. Railroad Company, 21 Ohio St. 221, 229. So that it is immaterial whether the garnishee answered, or, having answered, an order was made on him to pay any indebtedness disclosed by his answer into court, for, from the time of the service upon him, any indebtedness of his to the defendant was seized to the use-of the plaintiff and he was bound to account to him therefor.
Exception was also taken to the admission in evidence of papers in the ease, not entered upon the transcript of the justice. These simply showed that the statute regulating the proceeding had been complied with. Their entry upon the docket is not required, nor usual. The transcript in evidence showed all that is material to the validity of the liens of the attaching creditors; and, while the papers offered and received might have been dispensed with, their admission in evidence was not prejudicial to the plaintiff, and cannot be well assigned as error.

Judgment affirmed,

Dtckmah and Spear. JJ.. dissent.